*Northern District*

**ALFRED VOLPICELLI, MARIO TERASCONI, JAMES RAMOS, PAUL J. HOLLANDER**

v.

**GERALD L. QUAM**
(March 23, 1953)

*Brooks, J.* This is an action of tort for personal injuries sustained by plaintiffs on December 2, 1951, when the automobile in which they were being driven by defendant *hit a tree.* There was a count for gross negligence and a count for simple negligence which alleges that plaintiffs were paying passengers. The answer was general denial and payment. Defendant appeared *pro se.* It was agreed at the trial that the case should proceed as if defendant had pleaded contributory negligence.

There was evidence the plaintiffs met defendant in a diner in Framingham late in the evening and it was suggested they all go to the Pheasant Club in Hopkinton for a drink after hours. Plaintiffs gave defendant $5. There was evidence from plaintiffs that this was for transportation. Defendant testified that it was for beer. There was evidence from plaintiffs that defendant had had a few beers. He denied drinking any beer that night. There was evidence from plaintiffs that on the way to Hopkinton, defendant drove so fast that he was cautioned to slow down and that before the car hit the curve and went off the road *into a tree,* it had nearly gone out of control. Defendant testified that his speed did not exceed 30 miles an hour and that he was not cautioned to drive slower, that his car was not out of control at any time until he struck an ice patch on the road, 25 feet from the tree, which he had not seen until he struck it and that there was nothing that he could do to avoid the accident.

Plaintiffs filed the following Requests for Rulings:

1. Upon all the evidence, the plaintiffs on December 2, 1951, were paying passengers in a vehicle owned and operated by the defendant.

2. That upon the evidence, the defendant was guilty of gross negligence in the operation of his motor vehicle.

3. That on the evidence and the law, the plaintiffs are entitled to recover.

The court denied all three requests in the following language:

"The first request I refuse as on all the evidence I find the plaintiffs were not paying passengers but guests of the defendant.

"The second request I refuse as on all the evidence I find the defendant to have been in the exercise of due care and was not guilty of either gross negligence or negligence in the operation of his automobile.

"The third request I also refuse as on all the evidence I find that the $5 which was handed Quam by plaintiff, Ramos, was for the purchase of beer by Quam for the plaintiffs' consumption; that the defendant, Quam, was not drinking that evening and was not under the influence; that he did not almost lose control of the auto a half mile back; that the accident was caused solely by skidding on an icy patch on the road near the tree which caused the car to go out of control; that he was under the speed limit and there was nothing he could have done to have prevented the accident. There was no evidence that he had ever previously driven anywhere.

"I find it extremely difficult to believe the accident and circumstances were as the plaintiffs testified and believe the defendant's story which was not in any way discredited in my judgment by the plaintiffs and their testimony.

"On all the evidence, I find for the defendant."

It is apparent from the argument and brief of plaintiffs' counsel that he disagreed with the court's Findings of Fact. He is aggrieved that the judge refused to incorporate into the report certain evidence which he claimed vitally affected plaintiffs' case. Counsel took no steps to establish a report more favorable to plaintiffs. The report, upon which the case comes to us, contains evidence from which the judge could have found as he did. The primary issue was the negligence of the defendant and secondarily the status of the passengers. On both points, the findings were in favor of the defendant. Those findings this court will not disturb.

Report dismissed.

For Plaintiff: John St. Andre.

For Defendant: *Pro Se.*